UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DARRELL A. THOMAS** | **CIVIL ACTION NO. 23-0749** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE DONALD E. WALTER** |
| **FRANKLIN PARISH DETENTION CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Darrell A. Thomas, a prisoner at Franklin Parish Detention Center ("FPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately April 27, 2023, under 42 U.S.C. § 1983. He names the following defendants: FPDC, FPDC Staff, the FPDC Warden, the Franklin Parish Sheriff, and the Franklin Parish Sheriff's Office.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that on April 4, 2023, when he was a pre-trial detainee, a convicted inmate, Carlos Wiggerfall, asked him why he opened the microwave without permission, told Plaintiff that he hates him, and threatened to kill Plaintiff if he used the restroom. [doc. # 1, pp. 5-6]. Wiggerfall then told Plaintiff to put his shoes on and come fight in the restroom, where he "lures his victims so that him and his gang robs them for their commissary. [sic]." *Id.* at 5. Plaintiff refused and went to a kiosk machine. *Id.* Wiggerfall approached Plaintiff again, pushed and threatened him, and then attacked him. *Id.* Plaintiff suggests that he threw hot coffee on

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Wiggerfall in self-defense. *Id.* at 6. Wiggerfall and six other convicted inmates then beat Plaintiff, kicking and punching him for at least twenty minutes. *Id.*

Plaintiff claims that the inmates beat him in view of cameras, but guards did not enter to stop the fight. [doc. # 1, p. 6]. The cameras were "supposed to be monitored by guards 24/7[.]" [doc. # 13]. Plaintiff "eventually" requested help on an intercom. [doc. # 1, p. 6]. He was "rushed to [an] emergency room[.]" [doc. # 14, p. 1]. He suffered injuries to his right eye, his neck, and his head, and he experiences dizziness and headaches. [doc. # 13, pp. 1-2].

Plaintiff was charged with "aggravated battery 2nd degree." [doc. # 1, p. 6]. He maintains, however, that he was only trying to protect himself. *Id.* His charge remains pending. [doc. # 13, p. 2].

Plaintiff "think[s] all of this violence was done in retaliation for a" lawsuit he filed two months earlier. [doc. # 1, pp. 3, 6].

Plaintiff seeks compensation, an investigation, and punitive damages. [doc. #s 1, pp. 4, 6; 13, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual

3

allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Entities Unamenable to Suit

Plaintiff names the Franklin Parish Sheriff's Office, FPDC, and FPDC Staff as defendants. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes

4

personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Court should dismiss Plaintiff's claims against these entities because they do not qualify as juridical persons. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022); *Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . .").

If by "staff" Plaintiff refers not to a singular entity but to individuals other than those he identified in his pleadings, he does not identify these persons and does not address how these unidentified persons were personally involved in depriving him of a constitutional right.

As above, a complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Further, Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Here, the undersigned instructed Plaintiff to "provide the name of each person (or entity)

who allegedly violated his constitutional rights and from whom he seeks relief[.]" [doc. # 12, p. 2]. Plaintiff filed an amended pleading, but he did not identify the "staff." Moreover, he does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). The Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

Here, to the extent Plaintiff names "staff" as unidentified persons, the Court should dismiss Plaintiff's claims against them.

**3. Supervisory Liability**

Plaintiff names the FPDC Warden and the Franklin Parish Sheriff as defendants.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v.*

6

*Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (*quoting Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff at best alleges: "I seek relief from whomever was responsible for my safety at the Franklin Parish D.C., whether it be the Warden or the Sheriff of Franklin Parish." [doc. # 13, p. 1]. Plaintiff does not, however, allege that the warden or the sheriff affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between their conduct and any alleged constitutional violation.[3] Instead, Plaintiff pleads only vicarious liability, essentially naming these individuals as defendants solely because of the positions or titles they hold. *See Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987) ("[M]isconduct of Sheriff Belt's employees cannot be imputed to the sheriff individually . . . .").

Nor does Plaintiff allege that these defendants implemented an unconstitutional policy, practice, custom, or procedure that deprived him of any constitutional right.

Accordingly, the Court should dismiss Plaintiff's claims against these defendants.[4]

---

[3] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

[4] *See Alderson*, 848 F.3d at 415 (holding that a pre-trial detainee failed to state a failure-to-protect claim, where he alleged that supervisory officials "failed in their responsibilities" to house him separately from convicted inmates who beat him, failed to ensure that surveillance was adequate, and failed to provide a safe environment, because he did not allege (i) the supervisory officials were responsible for monitoring the surveillance cameras (i.e., he failed to allege personal involvement) or (ii) that the supervisory officials implemented an unconstitutional policy); *Taylor v. LeBlanc*, 851 F. App'x 502 (5th Cir. 2021) ("Taylor failed to identify specifically any action that either defendant took or any policy that either implemented, which subjected Taylor to unconstitutional prison conditions.").

7

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Darrell A. Thomas's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 4th day of October, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge